[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 5 January 1993 Date of Application 17 January 1993 Date Application Filed 5 February 1993 Date of Decision 28 September 1993
Application for review of sentence imposed by the Superior Court, Judicial District of New London at New London.
Docket No. CR 10200068.
Peter Scillieri, Esq. Defense Counsel, for Petitioner.
Larry Tytla, Esq. Assistant State's Atty. for the State.
BY THE DIVISION
The petitioner was convicted after a trial by jury of Robbery 3rd in violation of Connecticut General Statutes53a-136 and Larceny 6th in violation of Connecticut General Statutes 53a-125. The trial court sentenced him to five years execution suspended after four years with probation with numerous conditions for five years on the Robbery count and three months concurrent on the Larceny count for the total effective sentence of five years suspended after four. The court also imposed fines in the amount of $5,5000 [$55,000 or $5,500].
The factual basis for the charges is that the petitioner was convicted of putting baseball cards in his rear pocket at a Waterford store. A female store security guard observed the petitioner and asked him to accompany her to the store security office. The petitioner punched her in the left eye causing her to fall to the ground and this allowed the petitioner to escape.
At the hearing, counsel for the petitioner called the sentence imposed by the court excessive and disproportionate considering the petitioner's prior criminal history. Counsel also disputed the trial judge's assumptions that the crimes were planned and objected to the court's comparison of the size differences between the petitioner and the security guard that he hit.
The petitioner, when he addressed the panel, blamed the security guard for the way that she approached him, claiming it triggered his physical response.
The state pointed out that the trial judge observed the security guard and had the opportunity to base his sentencing remarks upon that observation. The trial court, in his remarks, noted the petitioner's lack of credibility and sentenced him accordingly. The state asked this panel to uphold the court's sentencing.
After reviewing the facts and circumstances of this case, including the sentencing court's discretion, the arguments of counsel and the petitioner's statement and taking into consideration the dictates of P.B. 942, we cannot conclude that the sentence imposed by the court was either CT Page 9305 disproportionate, inappropriate or excessive.
Miano, Klaczak and Norko, J.s, participated in this hearing and decision.